IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NILA L. DECHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0288-CV-W-HFS |
| ) | |
| STAHL SPECIALTY COMPANY f/k/a ) | |
| THYSSENKRUPP STAHL COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On March 13 I ruled for defendant employer in its summary judgment motion on plaintiff's claim of age discrimination and violation of the Family Medical Leave Act (FMLA). 2008 WL 701214 (W.D. Mo.). Because the ruling on the FMLA claim, while based on uncontested facts, used a rationale not briefed by the parties I invited a motion for reconsideration. Plaintiff has filed such a motion (ECF doc. 86), reserving her right to appeal from the age discrimination ruling. After considering further briefing and citations I do not believe I was in error in the FMLA ruling and will therefore deny the motion for reconsideration.

Much of plaintiff's briefing is a critique of how the employer handled plaintiff's absence from work. For present purposes I assume that, if controlling, there is at least a jury issue as to whether the employer was legally in danger when it shut down her job when she was ill, and terminated plaintiff. But plaintiff did not pursue, and had no intention of pursuing, a sick leave claim. That is essentially what happened in Sanders v. May Dept. Stores Co., 315 F.3d 940, 943-45 (8th Cir. 2003), where the Circuit affirmed a verdict for the employer on an FMLA claim when that plaintiff took personal leave rather than sick leave.

Plaintiff notes the Circuit simply affirmed a verdict and did not rule that, as a matter of law, Sanders had no FMLA claim. While that was the procedural context, the controlling facts here and in Sanders were uncontested. There is not doubt that, if pressed, the Sanders court would have ruled as a matter of law.

Very similar to my ruling was the ruling in De Hoyos v. Bristol Laboratories Corp., 218 F. Supp. 2d (D. Puerto Rico 2002). Plaintiff says that court relied on a doubtful ruling in Georgia, Walthall v. Fulton County Sch. Dist., 18 F. Supp. 2d 1378 (N.D. Ga. 1998). As stated in my original ruling, I doubt Walthall should be completely followed in requiring election of FMLA leave rather than paid sick leave. To require employees who are seriously ill, or recovering from such illnesses, to review their legal rights with great precision seems unrealistic, and also seems to go beyond what the courts require. Rask v. Fresenius Medical Care North America, 509 F.3d 466, 471 (8th Cir. 2007). But Sanders makes clear that employees cannot elect personal leave rather than sick leave and still claim sick leave rights. Electing vacation time in this case is, in my judgment, fatal to pursuing FMLA rights.[*]

Plaintiff's motion for reconsideration (ECF doc. 86), having been fully considered, is now DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

April  15 , 2008

Kansas City, Missouri

---

[*] I note that plaintiff's reply brief complains that defendant did not give plaintiff adequate notice of FMLA rights. Assuming that is possible, plaintiff has not asserted, in deposition or otherwise, that she wanted to exercise vacation rights because she was not adequately informed by the employer as to her FMLA rights.